Knauf, Appellee, *v.* Koloski, Supt., Ohio State Reformatory, Appellant.

(No. 39597—Decided December 15, 1965.)

*Mr. Jerome B. Goldman* and *Mr. Sanford S. Simms,* for appellee.

*Mr. William B. Saxbe,* attorney general, and *Mr. Leo J. Conway,* for appellant.

*Per Curiam.* The question raised by this appeal is whether the proceedings upon arraignment, as quoted above, were sufficient to comply with the constitutional standards in relation to explanation of the right to counsel. It is true that the trial judge first asked for and allowed appellee to plead prior to the time he explained the rights of the accused, but immediately thereafter, apparently realizing his omission, he proceeded to explain the accused's rights and, after determining that appellee understood his rights, again asked for his plea.

It was appellee's contention in the Court of Appeals that he did not know that he could withdraw his plea of guilty. However, as noted from the record, such withdrawal was not neces-

sary as such. The court, after explaining to appellee his rights and in the light of such explanation, actually gave appellee a second chance to plead. Appellee reaffirmed his plea of guilty.

As pointed out by appellant, to hold that such proceedings constituted a violation of appellee's rights would place the trial judge in a position that he could not correct a mistake in procedure.

It would appear that the above proceedings, wherein the trial judge after the first plea of guilty and realizing that he had committed an error of omission explained to the accused his right to trial by jury and to an attorney and gave him a second chance to plead to the indictment, constituted a compliance with the duty to explain his statutory and constitutional rights to counsel.

The judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.